IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF SCRANTON, KANSAS,<br><br>Plaintiff,<br><br>v.<br><br>ORR WYATT STREETSCAPES, et al.,<br><br>Defendants. | Case No. 18-4035-DDC-TJJ |

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion to Dismiss with Prejudice (Doc. 28). This motion seeks to dismiss plaintiff's claims against defendant Kenneth D. Orr. While plaintiff does not cite any Federal Rule of Civil Procedure explicitly, the court presumes it asks for dismissal under Rule 41.

The court previously has recognized the Tenth Circuit's decision in *Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122 (10th Cir. 1996), holding that Rule 41(a) "speaks to dismissal of an action, [and] not just a claim within an action." *Ashford v. Neb. Furniture Mart, Inc.*, No. 17-2097-DDC-GLR, 2017 WL 1332706, at *1 (D. Kan. Apr. 11, 2017). And it noted that "district courts in the Circuit have interpreted *Gobbo Farms*'s language differently" when deciding whether Rule 41 allows for dismissal of less than all parties to a multi-party action. *Id.* Because the Tenth Circuit has not ruled on this issue precisely, the court decided to construe the *Ashford* stipulation of dismissal as a motion to amend plaintiff's complaint to omit her claims against the dismissed defendants. *Id.* at *2. The court granted the motion to amend and ordered plaintiff to file an amended complaint omitting the dismissed defendants. *Id.*

After thinking about the consequences of this approach, the court now abandons it. The court does so after re-reading Judge Clark Waddoups's thoughtful and well-reasoned opinion in *Van Leeuwen v. Bank of America, N.A.*, 304 F.R.D. 691 (D. Utah 2015). In *Van Leeuwen*, Judge Waddoups described the existence of "a (waning) circuit split . . . on the question of whether a plaintiff must dismiss the entire action under Rule 41(a)(1)(A) or whether it can more surgically dismiss all claims against one of multiple defendants." *Id.* at 693. "The First, Third, Fifth, Eighth, and Ninth Circuits form the majority in holding that 'Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment.'" *Id.* (quoting *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993)). But "[t]he Second and Sixth Circuits have historically taken the opposite approach based on a literal reading of the Rule." *Id.* Because the Rule speaks to dismissal of an "action" and not a "claim," the Second Circuit has interpreted "the word 'action' as used in the Rules [to] denote[ ] the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'" *Id.* (quoting *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953)).

Judge Waddoups recognized that the Tenth Circuit has not considered whether Rule 41 permits dismissal of all claims against one defendant in a multi-defendant lawsuit. *Id.* at 695. He noted *Gobbo Farms*'s holding as "seem[ing] to follow the minority approach of the Second and Sixth Circuits." *Id.* But, on closer review, Judge Waddoups explained that *Gobbo Farms*'s holding is limited to dismissing claims—not parties—and so "*Gobbo* should not . . . block [a] plaintiff's use of Rule 41(a)(1)(A)(i) to dismiss all claims against" fewer than all defendants. *Id.* at 696–97. And so, he held that plaintiff's voluntary dismissal of all claims against defendant Bank of America, N.A. was a proper dismissal under Rule 41(a)(1)(A)(i). *Id.* at 697.

2

The court finds Judge Waddoups's reasoning persuasive and finds that it applies with equal force here to plaintiff's Motion to Dismiss Defendant Kenneth D. Orr.  Indeed, allowing a plaintiff to stipulate to dismiss one defendant from a multi-defendant case—instead of requiring plaintiff to file an amended pleading—advances the aims of Rule 1, which directs federal courts to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The court thus grants plaintiff's Motion to Dismiss without Prejudice (Doc. 28) and dismisses Mr. Orr from this lawsuit without prejudice.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion to Dismiss without Prejudice (Doc. 28) is granted.  The court dismisses defendant Kenneth D. Orr from this action.

**IT IS SO ORDERED.**

**Dated this 13th day of July, 2018, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**