# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CITY OF SCRANTON, KANSAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-4035-HLT-TJJ |
| | ) | |
| ORR WYATT STREETSCAPES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 57). Pursuant to Federal Rule of Civil Procedure 37 and D. Kan. Rule 37.1, Plaintiff asks the Court to enter an order compelling Defendants to serve answers to Plaintiff's First Interrogatories to Defendants and to produce additional documents in response to Plaintiff's First Requests for Production to Defendants. Defendants have responded to the motion. As set forth below, the Court will grant Plaintiff's motion.

## I.  Relevant Background

Plaintiff served the written discovery requests at issue on January 22, 2019.[1] On February 21, 2019, Defendants served a joint response to Plaintiff's First Requests for Production, which included objections to some requests, access to copies of certain responsive documents, and an agreement to supplement production with respect to two requests.[2] On March 11, 2019, after having reviewed the produced documents, Plaintiff's counsel sent an email to defense counsel setting forth alleged deficiencies and omissions.[3] The most glaring omission

---

[1] *See* ECF No. 48. Plaintiff's discovery was directed to all Defendants.

[2] *See* ECF No. 57 at 4-7.

[3] *See* ECF No. 57 at 8-9.

1

was Defendants' failure to serve answers to Plaintiff's First Interrogatories. Defendants did not respond to the letter, provide additional documents, or serve interrogatory answers, which prompted Plaintiff to timely file the instant motion. Defendants have responded to the motion, stating that on the date of their response they had conferred with Plaintiff's counsel regarding the motion and "agreed to provide answers to Plaintiff's First Set of Interrogatories and supplement their responses to Plaintiff's First Request for Production of Documents, to the extent they possess additional responsive documents, by April 15, 2019."[4]

As of today, Plaintiff "is not in receipt of the Interrogatory responses nor the requested documents sought in the Motion to Compel."[5]

The Court finds Plaintiff has complied with the requirements of D. Kan. Rule 37.2.

Plaintiff requests in her motion that the Court order Defendants to provide answers to Plaintiff's First Interrogatories to Defendants (numbered 1 through 23) and to produce additional documents responsive to Plaintiff's First Requests for Production number 1 through 7.

## II. Summary of the Parties' Arguments

Plaintiff's motion centers on Defendants' lack of responsiveness, which Defendants do not contest but committed to correct. Defendants have failed to do so.

## III. Whether the Discovery Sought is Relevant and Discoverable

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. As recently amended, it provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

---

[4] ECF No. 61 at 1.

[5] ECF No. 62 at 1.

> the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[6]

Considerations of both relevance and proportionality now govern the scope of discovery.[7] Relevance is still to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[8] Information still "need not be admissible in evidence to be discoverable."[9] The amendment deleted the "reasonably calculated to lead to the discovery of admissible evidence" phrase, however, because it was often misused to define the scope of discovery and had the potential to "swallow any other limitation."[10]

The consideration of proportionality is not new, as it has been part of the federal rules since 1983.[11] Moving the proportionality provisions to Rule 26 does not place on the party seeking discovery the burden of addressing all proportionality considerations. If a discovery dispute arises that requires court intervention, the parties' responsibilities remain the same as under the pre-amendment Rule.[12] In other words, when the discovery sought appears relevant,

---

[6] Fed. R. Civ. P. 26(b)(1).

[7] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[8] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

[9] Fed. R. Civ. P. 26(b)(1).

[10] *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment.

[11] *Id.*

[12] *Id.*

the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[13] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[14] Relevancy determinations are generally made on a case-by-case basis.[15]

In this action, the Court finds that the relevancy of the discovery called for by Plaintiff's opening interrogatories and request for production of documents is apparent on its face. The requests directly relate to the claims Plaintiff asserts or to the defenses raised by Defendants.

## IV. Analysis

Defendants responded to three of the seven document requests "subject to" various objections. In this district, such conditional objections often result in a finding that the responding party has waived its objections.[16] Conditional objections occur when "a party asserts objections, but then provides a response 'subject to' or 'without waiving' the stated

---

[13] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008).

[15] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011).

[16] *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544 (D. Kan. Feb. 11, 2014) ("*Sprint I*").

objections."[17] The Court has reviewed each of the three document request responses[18] and finds they are indeed classic conditional objections. In each, Defendants' response begins with the same objections and then states the following: "Subject to, and without waiving said objection, . . ." Judge O'Hara has written a thoughtful examination of conditional objections which catalogs the reasons various courts have given why such objections are invalid and unsustainable.[19] Among the reasons is that objections followed by an answer "preserve nothing and serve only to waste the time and resources of both the Parties and the Court."[20] As another court noted, "answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not."[21] In this case, Defendants' conditional objections leave the reader confused as to whether all requested documents have been identified. Rule 34 demands a statement that inspection or production will be permitted as requested, or an objection. The discovery rules contemplate no other response.

The conditional nature of Defendants' objections provides ample reason to overrule the objections as invalid. Often, however, the Court does not rely solely on that ground, but considers the parties' remaining arguments to offer guidance as they conduct additional

---

[17] *Westlake v. BMO Harris Bank N.A.*, No. 13-2300-CM-KGG, 2014 WL 1012669, *3 (D. Kan. March 17, 2014) (citing *Sprint Communications Co., L.P. v. Comcast Cable Communications, LLC,* Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 1569963 (D. Kan. April 18, 2014) ("*Sprint II*")).

[18] Defendants made conditional objections to RFP Nos. 1-3.

[19] *Sprint I*.

[20] *Id.* at *2 (quoting *Consumer Elecs. Ass'n v. Compras and Buys Magazine, Inc.*, No. 08-21085, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008)).

[21] *Sprint I*, 2014 WL 545544, at *3 (quoting *Tardif v. People for the Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 WL 1627165, at *2 (M.D. Fla. April 29, 2011)).

discovery. But in this case, the Court further notes that most of the objections Defendants assert are boilerplate objections in which they merely state the objection without offering an explanation. In response to RFP Nos. 1-3, Defendants assert in conclusory fashion that the requests are vague, ambiguous, and not reasonably limited in time or scope.[22] With respect to the objection that these discovery requests are vague and ambiguous, the Court finds the language of the challenged requests is plain and the meaning of the words is evident. Each of the three requests asks for documents related to the project at issue in this action and the contracts between Plaintiff and one or more Defendants. Clearly, the requests are therefore limited in both time and scope. To the extent the boilerplate objections lack specificity, Defendants have not met their burden to show why the discovery requests are improper.[23]

And the overriding concern here stems from Defendants' failure to respond to Plaintiff's golden rule letter, failure to produce the additional documents as agreed, and failure to provide interrogatory answers. All told, Defendants' unsatisfactory objections and failure to comply with their discovery obligations provide ample reason to grant Plaintiff's motion in its entirety.

Plaintiff has not requested that the Court award its costs and attorney's fees associated with filing this Motion to Compel. Because the Court has overruled Defendants' objections and is granting the motion, the Court must award reasonable expenses unless the Court finds that Plaintiff failed to make a good faith effort to obtain the reasonable discovery without court action, that Defendants' objections are substantially justified, or that other circumstances make

---

[22] *See* ECF No. 57 at 4-5. Defendants also object that the requests are "not reasonably calculated to lead to the discovery of admissible evidence in that such documents are [not] sufficiently identified nor has a time period for such documents been specified." *Id.*

[23] *See Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 WL 731070, at *4 (D. Kan. March 30, 2005).

an award of expenses unjust.[6]  The Court finds that under the circumstances to date, an award of expenses would be unjust.  The parties ultimately did confer, and Defendants made timely production of some responsive documents.  The Court cautions, however, that Defendants' failures are not conducive to avoiding future sanctions.

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 57) is **GRANTED**.  **Within 7 days of the date of this order**, Defendants shall (1) provide complete answers, without objections, responsive to Plaintiff's First Interrogatories to Defendants, and (2) produce all documents (not previously produced) responsive to Plaintiff's First Requests for Production to Defendants.

IT IS SO ORDERED.

Dated this 18th day of April, 2019 at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[6]Fed. R. Civ. P. 37(a)(5)(A).